**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **TOMAS GARCIA SAPON,**<br>**Petitioner,**<br>**v.**<br>**KENNETH GENALO, *et al.*,**<br>**Respondents.** | **Civil Action No: 26-08323 (SDW)**<br><br>**OPINION** |

**IT APPEARING THAT:**

1. Presently before this Court is the petition for writ of habeas corpus under 28 U.S.C. § 2241 ("Petition") by Petitioner Tomas Garcia Sapon, who is presently detained by Immigration and Customs Enforcement ("ICE") in the Delaney Hall Detention Facility in Newark, New Jersey ("Delaney Hall"). (ECF No. 1).

2. Petitioner is a native and citizen of Guatemala. (*Id.* ¶ 16). He entered the United States for the first time on August 28, 2012, near Brownsville, Texas, where he was encountered by immigration officials. (ECF No. 13-2). He was issued an Expedited Order of Removal on August 29, 2012. (*Id.*) He was deported to Guatemala pursuant to that removal order on October 4, 2012. (*Id.*; ECF No. 13 at 1).

3. Petitioner re-entered the United States on an unknown date sometime after that, and was encountered by immigration officials in Hidalgo, Texas on February 6, 2013. (ECF No. 13 at 1; ECF No. 13-5). His removal order was reinstated, and he was removed on March 14, 2013. (ECF No. 13-5).

4. Petitioner again re-entered the country on an unknown date sometime after his second removal. On July 3, 2026, he was arrested in Brooklyn, New York pursuant to an

administrative warrant. (ECF No. 13-9). His removal order was reinstated that same day. (ECF No. 13-8).

5. On July 3, 2026, Petitioner was transferred to Delaney Hall, and he has remained in custody there since. (ECF No. 7).

6. In his Petition, Petitioner alleges violations of the Fourth Amendment, 8 U.S.C. § 1357(a)(2), and the *Accardi* doctrine. (ECF No. 1). Petitioner alleges that he was illegally arrested without a warrant and that his detention was governed by 8 U.S.C. § 1226(a). (*Id.* at 4). He requests immediate release from custody and an award of attorneys' fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). (*Id.* at 19).

7. In his Petition, Petitioner also asserts that he has diabetes, for which he requires daily insulin. (ECF No. 1 ¶¶ 30–31, 139). Petitioner does not allege in his Petition that he has been unable to access this medication in detention or that his health is at immediate risk due to his ongoing detention. (ECF No. 1).

8. Respondents filed an answer on July 12, 2026, arguing that Petitioner is properly detained pursuant to 8 U.S.C. § 1231, because he has a reinstated final order of removal from 2012 and producing documents supporting their assertion. (ECF No. 13 at 2). Respondents argue that Petitioner's detention remains within the 90-day removal period and he is, thus, lawfully detained. (*Id.*)

9. Habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." *Id.*; *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

10. Petitioner was detained within this Court's jurisdiction and by a custodian within this Court's jurisdiction when he filed the Petition, and he asserts that his continued detention violates due process. Therefore, this Court has habeas jurisdiction over his claims. *Trump v. J. G. G.*, 604 U.S. 670, 672 (2025) (per curiam) (noting jurisdiction for "core habeas petitions" lies in the district of confinement).

11. "An expedited removal order is final when it orders an alien deported, and the order is not subject to administrative review." *Duyzings v. Warden, FCI Fort Dix*, No. 23-cv-21574, 2024 WL 1406647, at *3 (D.N.J. Apr. 2, 2024); *see also* 8 C.F.R. § 235.3(b)(2)(ii) (a noncitizen issued a notice and expedited order of removal under § 1225(b)(1) has "[n]o entitlement to hearings and appeals" before an immigration judge or the Board of Immigration Appeals).

12. Respondents' submissions show that Petitioner had a final expedited removal order issued on August 29, 2012. (ECF No. 13-2). Expedited removal orders are reinstated from the date they are originally issued. 8 U.S.C. § 1231(a)(5). Those who, like Petitioner here, are subject to reinstated orders of removal are detained pursuant to 8 U.S.C. § 1231, not 8 U.S.C. § 1226(a). *Johnson v. Guzman Chavez*, 594 U.S. 523, 544 (2021) ("Once an alien has been ordered removed from the United States . . . and that order has been reinstated under § 1231(a)(5), 'the alien cannot go back in time, so to speak, to § 1226.'" (citing *Guzman Chavez v. Hott*, 940 F.3d 867, 888 (4th Cir. 2019))).

13. Under 8 U.S.C. § 1231, "when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days[.]" 8 U.S.C. § 1231(a)(1)(A). Within this removal period, "the Attorney General *shall* detain the alien. Under no circumstance during the removal period shall the Attorney General release an alien who has

been found inadmissible . . . or deportable . . . ." § 1231(a)(2)(A) (emphasis added). Detention during the removal period under § 1231 is mandatory, and detention authority may extend beyond the removal period as necessary to effectuate removal. *Id.*; *see also Zadvydas v. Davis*, 533 U.S. 678, 701 (2001). The Supreme Court has held that due process places limits on the length of a noncitizen's detention beyond the removal period where there is "no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701. The Court held a period of six (6) months to be presumptively reasonable. *Id.* ("[W]e do believe, however, that Congress previously doubted the constitutionality of detention for more than six months.").

14. Respondents argue that Petitioner is still detained within the 90-day removal period. (ECF No. 13 at 2 ("That mandatory detention period for Petitioner began on July 3, 2026, when immigration officials arrested him, detained him, and reinstated his removal order. Petitioner has not received a bond hearing because he is subject to mandatory detention and is therefore not eligible for bond.")). Respondents further argue that, even if Petitioner is outside of the 90-day removal period, his detention is still authorized. (*Id.* ("Even if Petitioner is outside the 90-day removal period, . . . his detention is still lawful under 8 U.S.C. § 1231(a)(6) and *Zadvydas v. Davis*. . . .")).

15. The 90-day removal period begins from the date of the reinstatement of Petitioner's removal order. *See Cuellar Basurto v. Warden*, No. 26-cv-08344, 2026 WL 2168310, at *2 (D.N.J. July 27, 2026) (holding that Petitioner, whose expedited removal order was reinstated on July 5, 2026, and who was taken into custody on the same day, was still within the 90-day removal period); *Vargas Chacon v. Rokosky*, No. 26-cv-00119, 2026 WL 1048383, at *2 (D.N.J. Apr. 17, 2026) (holding that the removal period began on the date the petitioner's

removal order was reinstated and he was arrested). Petitioner's removal order was reinstated, and he was arrested, on July 3, 2026. (ECF Nos. 13-8, 13-9). He is well within the presumptively reasonable period and, thus, his detention is not in violation of the Constitution or the laws of the United States. *See* § 1231(a); *Zadvydas*, 533 U.S. at 701.

16. "This is not a situation in which ICE has detained and released petitioner off-and-on over time . . . to circumvent *Zadvydas*'s limitations. Therefore, even if petitioner's 90-day removal period expired, "the six-month presumptively reasonable period of detention under *Zadvydas* . . . could not have begun until he was detained by ICE" on July 3, 2026. *Deshati v. Noem*, No. 25-cv-15940, 2025 WL 3204227 (D.N.J. Nov. 17, 2025) (citing *Callender v. Shanahan*, 281 F. Supp. 3d 428, 435 (S.D.N.Y 2017) (holding that the petitioner, who had been detained for two and a half years pursuant to 8 U.S.C. § 1231 and a deportation order from eleven years prior, was not entitled to relief on the fact of his length of detention alone, and that the removal period may have ended within 90 days of the date of the final order of removal, but the 6-month presumptively reasonable period did not commence until after he had been detained by ICE years later)). Therefore, Petitioner's detention pursuant to 8 U.S.C. § 1231 is lawful.

17. Further, Petitioner's claims that his arrest was warrantless and in violation of the Fourth Amendment, 8 U.S.C. § 1357(a)(2), and the *Accardi* doctrine, are unavailing. Respondents submitted evidence of a valid warrant for Petitioner's arrest pursuant to his reinstated removal order. (ECF Nos. 13-8, 13-9). Petitioner has not filed a reply alleging that the warrant was invalid or otherwise inapplicable to Petitioner, and Petitioner has not alleged any specific facts regarding the arrest that would bring into question its legality. Therefore, this Court accepts the Respondents' submission that the arrest was legal pursuant to a warrant as true. 28 U.S.C. § 2248 ("The allegations of a return to the writ of habeas corpus . . . is not

traversed, shall be accepted as true except to the extent that the judge finds from the evidence that they are not true.”).

18. As Petitioner’s arrest was carried out pursuant to a valid administrative warrant (ECF No. 13-9), there is no evidence before this Court that his arrest violated the Fourth Amendment, 8 U.S.C. § 1357(a)(2) (explaining the limitations on the powers of immigration officers to arrest a suspected noncitizen without a warrant), or the *Accardi* doctrine (*Accardi v. Shaughnessy*, 347 U.S. 260 (1954) (explaining that federal agencies must follow their own promulgated rules)).

19. Therefore, this Court will deny the Petition and lift any restrictions that were imposed on Petitioner’s location. Petitioner’s claim for attorneys’ fees under EAJA also fails because that statute permits an award of attorneys’ fees only to the “prevailing party.” 28 U.S.C. § 2412(b). Because the Court denies the substantive claims of the Petition, Petitioner is not a prevailing party and thus not entitled to fees under the EAJA.

20. An appropriate order follows.

Hon. Susan D. Wigenton,
United States District Judge
Dated: September 29, 2026